IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-00676-REB-KLM

LAURA GOMEZ,

    Plaintiff,

v.

DILLON COMPANIES, INC., doing business as King Soopers, Inc., a Kansas corporation,

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on the following:(1) **Defendant's Motion To Dismiss as Sanction and Request for Fees and Costs** [#31][1] filed October 14, 2009; (2) **Defendant's Unopposed Motion To Convert Its Motion To Dismiss Into a Motion for Summary Judgment** [#35] filed January 6, 2010; and (3) **Defendant's Motion To Vacate the Final Pretrial Conference, the Trial Preparation Conference, and the May 10, 2010 Trial Setting** [#47] filed April 20, 2010. The plaintiff filed a response [#32] to the motion for summary judgment, and the defendant filed a reply [#33]. The plaintiff filed a response [#48] to the motion to continue and does not oppose the motion to continue. I grant the motion to convert, I grant the defendant's motion for summary judgment, and I deny the motion to continue as moot.

---

[1] "[#31]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. §1331 (federal question).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. **Concrete Works**, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert.**

*denied*, 120 S.Ct. 334 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III. FACTS

The plaintiff, Laura Gomez, filed this case on March 26, 2009. Gomez is a former employee of the defendant, Dillon Companies, Inc., doing business as King Soopers, Inc. (King Soopers). Gomez asserts three claims for relief. Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e-17, Gomez asserts claims for national origin discrimination and retaliation. Gomez asserts also a claim for violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 - 2654. Among other forms of relief, the plaintiff seeks damages for emotional distress. *Complaint* [#1], p. 8.

King Soopers seeks summary judgment as a sanction for Gomez's continued refusal to respond to King Soopers' discovery requests. Gomez refused to provide waivers and releases concerning her medical records. The defendant served subpoenas duces tecum on Gomez's medical providers, which providers Gomez listed in her discovery responses as persons with knowledge of relevant facts. In response, Gomez filed a motion to quash King Soopers' subpoenas duces tecum. On September 17, 2009, United States Magistrate Judge Kristen L. Mix issued an order [#29] noting that Gomez's motion was filed in violation of the requirements specified in the court's orders and directing that the parties call to get a hearing date to resolve the discovery dispute.

King Soopers scheduled a deposition of Gomez for September 21, 2009, beginning at 9:00 a.m. Gomez attended her deposition from 9:12 a.m. until the lunch break, which began at 12:06 p.m. When the deposition was reconvened at 1:32 p.m., Gomez's counsel appeared by phone. Counsel stated that Gomez would not be

3

returning to the deposition that afternoon because Gomez was experiencing a panic attack. *Motion to dismiss*, Exhibit A (transcript of September 21, 2009, deposition of Laura Gomez), 137:138. King Sooper's counsel noticed a continued deposition of Gomez for October 2, 2009, at 8:00 a.m., in Denver, Colorado. The parties' counsel and King Sooper's representative reconvened on October 2, 2009, at 8:00 a.m. in Denver, Colorado. Gomez did not appear for her deposition. Gomez's counsel noted on the record that the deposition properly was noticed for 8:00 a.m., on the morning of October 2, 2009, and that Gomez's counsel had not been notified of any mitigating circumstances. *Motion to dismiss*, Exhibit B (transcript of October 2, 2009, deposition of Laura Gomez), 3:22 - 4:24.

On October 14, 2009, King Soopers filed its present motion to dismiss. In Gomez's response [#32] to the motion to dismiss, Gomez's counsel states that Gomez "has made a decision not to participate further in her deposition knowing that the probable sanction is dismissal of her lawsuit. She has not authorized [her counsel] to voluntarily dismiss her lawsuit." *Response* [#32] filed November 3, 2009, p.2. On January 6, 2010, King Soopers filed its unopposed motion [#35] to convert its motion to dismiss [#32] to a motion for summary judgment. Such a conversion is proper under FED. R. CIV. P. 12(d).

## IV. ANALYSIS

King Soopers seeks dismissal of this case as a sanction for Gomez's repeated and continuing failures to comply with her discovery obligations. It is within my discretion to dismiss a case as a sanction for a plaintiff's failure to comply with her obligations as a plaintiff in a civil action. **See, e.g., Ehrenhaus v. Reynolds**, 965 F.2d 916, 918 (10th Cir. 1992). Dismissal is an appropriate sanction if, after considering all

4

of the factors, the court "concludes that dismissal alone would satisfy the interests of justice." *Id*.

Before imposing dismissal as a sanction, a district court must evaluate the following factors on the record: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. **Gripe v. City of Enid, Okl**., 312 F.3d 1184, 1188 (10th Cir. 2002), citing **Ehrenhaus v. Reynolds**, 965 F.2d 916, 918 (10th Cir. 1992). Applying these factors, I conclude that dismissal is an appropriate sanction in this case.

<u>Degree of actual prejudice to the defendant</u> - I find that the King Soopers has suffered substantial actual prejudice as a result of Gomez's intransigence. Gomez's unwillingness to complete her first deposition and her failure to attend her second deposition have brought this case to a grinding halt. Gomez's failure to abide by her discovery obligations required King Soopers to file a response to Gomez's improper motion to quash subpoenas duces tecum and to file the present motion to dismiss and motion for summary judgment. In addition, King Soopers and its counsel appeared at two properly noticed depositions, but Gomez's failures to appear at those depositions rendered King Soopers' efforts worthless and resulted in a profligate waste of King Soopers' time and resources. Gomez's failures blocked King Soopers' ability to conduct complete discovery, delayed the resolution of this case, and caused King Soopers to incur significant attorney fees and costs in an effort to obtain a discovery from Gomez. Such delay and expense satisfies the first factor. **See, e.g., Erenhaus**, 956 F.2d at 921, and weighs heavily in favor of dismissal.

5

Amount of interference with the judicial process - Gomez's willful failures to comply with her discovery obligations have interfered substantially with the judicial process. Progress toward the resolution of Gomez's case has been brought to a standstill by Gomez's inexplicable and unexcused failure to provide necessary discovery. Gomez's utter disregard of the court's rules concerning discovery is inherently contumacious and has "hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." ***Mobley v. McCormick***, 160 F.R.D. 599, 601 (D. Colo. 1995) (quoting ***Jones v. Thompson***, 996 F.2d 261, 265 (10th Cir. 1993)). This satisfies the second factor, ***id***., and also weighs heavily in favor of dismissal.

Gomez's cupability - Gomez failed to comply repeatedly has with her discovery obligations. Nothing in the record indicates that there is any reason for Gomez's non-compliance other that Gomez's intentional decision to flout the rules applicable to this lawsuit. I find that Gomez has intentionally disregarded her clear and reasonable obligation to comply with the requirements imposed on her under the Federal Rules of Civil Procedure. This satisfies the third factor and also weighs heavily in favor of dismissal.

Warning that dismissal is a sanction for non-compliance - During the depositions documented in exhibits A and B to the motion to dismiss [#31], King Soopers' counsel indicated that King Soopers would seek dismissal of this case as a sanction for Gomez's failure to cooperate. Gomez's counsel acknowledged that such a sanction was possible. Gomez's counsel noted in her response [#32] to the motion to dismiss that Gomez "has made a decision not to participate further in her deposition knowing that the probable sanction is dismissal of her lawsuit." *Response* [#32], p. 2. The

plaintiff has been given ample warning that dismissal is the likely sanction for her refusal to complete her deposition. There is nothing to indicate that a separate judicial warning would have been any more efficacious than the warnings given by defendant, which warnings and the possible consequences were received and understood by Gomez. Thus, Gomez had reasonable notice that dismissal would be the likely result of her contumelious intransigence.

Efficacy of lesser sanctions - Gomez has been given ample opportunity to comply with her discovery obligations and ample warning of the consequences of her non-compliance. These efforts have been ineffective. Having reviewed the record, I conclude that it is highly unlikely that any sanction short of dismissal would motivate Gomez to comply with her obligations in this case. This factor also weighs heavily in favor of dismissal.

Dismissal is an appropriate sanction when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. . . ." **Erenhaus**, 965 F.2d at 916 (quoting **Meade v. Grubbs**, 841 F.2d 1512, 1521 n. 7 (10th Cir. 1988)). In this case, all five of the relevant factors weigh heavily in favor of dismissal as a sanction for Gomez's failure to comply with her discovery obligations. The aggravating factors substantially outweigh the judicial system's strong predisposition to resolve cases on their merits. Viewing the undisputed facts in the record in the light most favorable to Gomez, I conclude that King Soopers is entitled to summary judgment.

FED. R. CIV. P. 37(d)(3) addresses the sanctions to be imposed when a party fails to attend her own deposition. That rule provides, *inter alia*, that

> the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other

circumstances make an award of expenses unjust.

King Soopers requests that it be awarded its costs and attorney fees necessitated by the taking of the plaintiff's partial deposition on September 21, 2009, and by the preparations for Gomez's re-scheduled deposition on October 2, 2009.  Because I direct in this order the entry of judgment in favor of King Soopers, I also award to King Soopers its costs under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.  With regard to King Soopers' request for fees and costs under Rule 37(d)(3), I direct that King Soopers file a statement documenting the amount of reasonable attorney fees it seeks under Rule 37(d)(3) and the amount of any costs it seeks under Rule 37(d)(3), over and above costs that may be awarded under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.  If King Soopers files such a statement, then I will award reasonable attorney fees and costs against Gomez. I will not award fees and costs against Gomez's counsel because nothing in the record indicates that Gomez's counsel contributed to Gomez's intransigence.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Defendant's Unopposed Motion To Convert Its Motion To Dismiss Into a Motion for Summary Judgment** [#35] filed January 6, 2010, is **GRANTED**;

2.  That the **Defendant's Motion To Dismiss as Sanction and Request for Fees and Costs** [#31] filed October 14, 2009, viewed now as a motion for summary judgment, is **GRANTED**;

3.  That **JUDGMENT SHALL ENTER** in favor of the defendant, Dillon Companies, Inc., doing business as King Soopers, Inc., a Kansas corporation, and

against the plaintiff, Laura Gomez, on all claims for relief;

4. That each of the claims asserted by the plaintiff in her Complaint [#1] is **DISMISSED** with prejudice;

5. That the defendant is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

6. That the Trial Preparation Conference currently set for April 23, 2010, at 9:00 a.m., the Final Pretrial Conference set for April 29, 2010, at 10:00 a.m., and the jury trial set to begin on May 10, 2010, at 8:30 a.m., are **VACATED**;

7. That the **Defendant's Motion To Vacate the Final Pretrial Conference, the Trial Preparation Conference, and the May 10, 2010 Trial Setting** [#47] filed April 20, 2010, is **DENIED** as moot;

8. That if the defendant intends to seek an award of reasonable attorney fees and costs under FED. R. CIV. P. Rule 37(d)(3), then on or before May 5, 2010, the defendant **SHALL FILE** a statement documenting the amount of reasonable attorney fees it seeks under Rule 37(d)(3) and the amount of any costs it seeks under Rule 37(d)(3), over and above costs that may be awarded under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1;

9. That if the defendant files such a statement, then the plaintiff may file a response on or before ten (10) calendar days after the defendant files its statement.

Dated April 22, 2010, at Denver, Colorado.

                                                                    **BY THE COURT:**

                                                                      Robert E. Blackburn
                                                                      United States District Judge