**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-00676-REB-KLM

LAURA GOMEZ,

      Plaintiff,

v.

DILLON COMPANIES, INC., doing business as King Soopers, Inc., a Kansas
corporation,

      Defendant.

---

### ORDER GRANTING DEFENDANT'S MOTIONS FOR ATTORNEY FEES

---

**Blackburn, J.**

      This matter is before me on the following: (1) **Defendant's Amended Motion for

Attorneys' Fees** [#55][1] filed May 4, 2010; and (2) **Defendant's Motion To Renew

Defendant's Amended Motion for Attorneys' Fees and Supplement To That

Amended Motion** [#62] filed March 21, 2011.  The plaintiff filed responses [#56 & #63],

and the defendant filed replies [#57 & #64].  I grant the motions in part and deny them in

part.

      Previously, I dismissed this case as a sanction for the plaintiff's repeated and

continuing failure to comply with her discovery obligations.  *Order* [#49] filed April 22,

2010.  In that order, I described the plaintiff's failure on two occasions to attend her

deposition.  The plaintiff failed to attend the afternoon portion of her September 21,

---

[1]  "[#55]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

2009, deposition, and she failed to attend her re-scheduled deposition on October 2,

2009.  I noted further that FED. R. CIV. P. 37(d)(3) addresses the sanctions to be

imposed when a party fails to attend her own deposition. That rule provides, *inter alia*,

that

> the court must require the party failing to act, the attorney advising that
> party, or both to pay the reasonable expenses, including attorney's fees,
> caused by the failure, unless the failure was substantially justified or other
> circumstances make an award of expenses unjust.

Applying the jussive language of Rule 37(d)(3), an award of attorney fees is required in

this case.  The permissible purposes of a sanction under FED. R. CIV. P. 37 include: "(1)

compensating the court and other parties for the added expense caused by the abusive

conduct; (2) compelling discovery; (3) deterring others from engaging in similar conduct;

and (4) penalizing the guilty party or attorney."  ***Carlucci v. Piper Aircraft Corp., Inc.***,

775 F.2d 1440, 1453 (11th Cir. 1985).  In this case, the purposes of compensation,

deterrence, and penalty all are relevant.

For reasons unknown to the court, Gomez put the defendant to the task and

expense of preparing for Gomez's depositions.  When she refused to participate in her

depositions, Gomez chose to render those efforts worthless.  Gomez did not notify the

defendant of her decision not to participate in her depositions until the middle of the first

day of her September 21, 2009, deposition, and the morning of her re-scheduled

October 2, 2009, deposition.  Obviously and predictably, this timing required the

defendant to prepare fully for Gomez's depositions.  After the plaintiff refused to appear

for her deposition on October 2, 2009, Gomez's counsel stated in a filing with this court

that Gomez "has made a decision not to participate further in her deposition knowing

2

that the probable sanction is dismissal of her lawsuit.  She has not authorized [her counsel] to voluntarily dismiss her lawsuit."  *Response*, [#32] filed November 3, 2009, p. 2.

Notably, Gomez also refused to provide waivers and releases concerning her medical records, records which the defendant sought in discovery.  Gomez decided not to permit an examination of her medical records and her testimony.  Essentially, she abandoned her efforts to substantiate her allegations with evidence.  However, she refused to dismiss her case voluntarily, even though she knew dismissal was the likely result of her refusal to participate further in discovery.  Thus, Gomez required the defendant to jump through several more hoops in order to bring this case to a final resolution.

The defendant requests that it be awarded its attorney fees necessitated by the taking of the plaintiff's partial deposition on September 21, 2009, and the attempt to take the plaintiff's re-scheduled deposition on October 2, 2009.  In addition, the defendant seeks an award of attorney fees necessitated by counsel's preparations for these depositions.  The plaintiff challenges the defendant's motion on two fronts.

First, the plaintiff argues that the dismissal of her claims is a substantial sanction for her failure to comply with her discovery obligations and that the sanction of dismissal is sufficient to deter such conduct in the future.  Imposition of an award of attorney fees, the plaintiff argues, is excessive and cannot add any additional deterrent effect.  I disagree.  The facts summarized above demonstrate that the threat of dismissal as a sanction did not have the effect of compelling Gomez to comply with her discovery obligations and did not have a particularly strong deterrent effect on Gomez.  Further,

3

given Gomez's failure to attend her deposition, Rule 37(d)(3) mandates that the court require Gomez to pay "the reasonable expenses, including attorney's fees, caused by [her] failure."

Second, Gomez contends the amount of attorney fees sought by the defendant is excessive.  Specifically, the plaintiff argues that approximately 46 hours spent by defense counsel preparing for the plaintiff's depositions is an excessive and unreasonable amount of time to spend preparing for Gomez's depositions.  The plaintiff does not dispute the reasonableness of the number of hours billed by defendant's counsel for tasks other than preparation for the depositions and does not dispute the reasonableness of the hourly billing rates sought by the defendant.  I find that these items are reasonable.

According to the defendant, the time spent preparing for Gomez's depositions is reasonable because the plaintiff's Title VII harassment claim involved many separate incidents in the workplace, requiring counsel to prepare to question Gomez about each discreet incident.  In addition, at the time of Gomez's depositions, Gomez had refused to provide waivers and releases concerning her medical records.  The plaintiff put her medical condition at issue in her complaint, the defendant properly requested waivers and releases concerning the relevant medical records, and the plaintiff refused. According to the defendant, this refusal required defense counsel to spend additional time preparing for Gomez's depositions.  Finally, the defendant notes that Gomez produced in discovery 740 pages of statements concerning facts and allegations in her complaint.  Preparation for the depositions required review of this material.  In its motion [#62], the defendant lists 22 topics it planned to address at Gomez's depositions.  Under

4

the circumstances, the defendant contends, 46 hours of preparation for Gomez's depositions is reasonable.  Included with the defendant's motions are a statement of the attorney fees the defendant incurred in relation to the attempts to take the plaintiff's deposition and an affidavit of a disinterested expert in support of the plaintiff's motion. *Motion* [#55], Exhibit A; *Motion* [#62], Exhibit A.

Any determination of reasonable attorney fees starts with a calculation of the "lodestar" amount.  ***Hensley v. Eckerhart***, 461 U.S. 424, 433 (1983).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  ***Hensley***, 461 U.S. at 433.  The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable.  ***Homeward Bound, Inc. v. Hissom Memorial Ctr.***, 963 F.2d 1352, 1355 (10th Cir. 1992).  A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience.  ***Blum v. Stenson***, 465 U.S. 886, 895 (1984).  A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  ***Jane L. v. Bangerter***, 61 F.3d 1505, 1510 (1995).

Having reviewed the record, I find and conclude that the number of hours spent by defense counsel in preparation for the plaintiff's depositions exceeds a reasonable number of hours.  Although the plaintiff's deposition did present some issues that required significant preparation, the depositions did not present issues of such high volume or complexity that 46 hours of preparation was required for a deposition that was limited to seven hours.  Although it is impossible precisely to quantify the number of

hours reasonably required for these preparations, I conclude that 25 hours of attorney time is a fair estimate of the time reasonably required for these preparations. In the defendant's attorney fees statement, about 80 percent of the time billed for deposition preparation is billed at 315 dollars per hour, while about 20 percent of that time is billed at 373.50 dollars per hour. On average, this time was billed at about 327 dollars per hour. I use that hourly figure in calculating the award of attorney fees for deposition preparation time.

The fee statement tendered by the defendant shows billing for deposition preparations totaling 15,075.00 dollars for 46 hours of attorney time. When the hours billed are reduced to 25 hours billed at 327.00 dollars per hour, the total, reasonable, billable amount of attorney fees is 8,175.00 dollars, a reduction of 6,900.00 dollars. The total amount sought by the defendant for reasonable attorney fees is 18,753.78 dollars. That amount, less 6,900 dollars, equals 11,853.78 dollars Thus, 11,853.78 dollars is the amount of reasonable attorney fees incurred by the defendant as a result of the plaintiff's failure to attend her deposition.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Amended Motion for Attorneys' Fees** [#55] filed May 4, 2010, and the **Defendant's Motion To Renew Defendant's Amended Motion for Attorneys' Fees and Supplement To That Amended Motion** [#62] filed March 21, 2011, are **GRANTED** in part on the terms stated in this order;

2. That under FED. R. CIV. P. 37(d)(3), the defendant is **AWARDED** 11,853.78 dollars in reasonable attorney fees incurred by the defendant as a result of the plaintiff's

failure to attend her depositions; and

      3.  That otherwise, the **Defendant's Amended Motion for Attorneys' Fees**

[#55] filed May 4, 2010, and the **Defendant's Motion To Renew Defendant's**

**Amended Motion for Attorneys' Fees and Supplement To That Amended Motion**

[#62] filed March 21, 2011, are  **DENIED**.

      Dated March 5, 2012, at Denver, Colorado.

                              **BY THE COURT:**

                              Robert E. Blackburn
                              United States District Judge